IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
APR 2 3 2002
Michael N. Milby
Clerk of Court

| | |
|---|---|
| Hector Mario Ramirez and <br> San Juana Guzman, <br>   Individually and on behalf of all others similarly situated, <br><br>          Plaintiffs, <br><br> vs. <br><br> Centex Credit Corporation d/b/a <br> Centex Home Equity Corporation and <br> Centex Home Equity Company, LLC <br><br>          Defendants. | § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NO. B-02.082 |

## PLAINTIFFS' ORIGINAL COMPLAINT

**To the Honorable Judge of the Court:**

Plaintiffs Hector Mario Ramirez and San Juana Guzman, individually and on behalf of all others similarly situated, complain of Centex Credit Corporation d/b/a Centex Home Equity Corporation and Centex Home Equity Company, LLC, Defendants, and respectfully show the following:

### Nature of the Case

1.  This is an action for damages, restitution, costs and attorneys fees brought by Plaintiffs against Defendants for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA") and the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41 *et seq.* ("DTPA").

Plaintiffs' Original Complaint, page 1

2. This is a class action, on behalf of a nationwide class and a statewide subclass, defined as follows:

> **Nationwide Class.** All persons in the United States (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendants (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action.

> **Texas Subclass.** All persons in Texas (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendants (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action.

Except where necessary, both classes will be referred to jointly as the "Class."

### Jurisdiction and Venue

3. Jurisdiction of this Court arises under 12 U.S.C. Section 2614 and 28 U.S.C. Section 1331. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. Section 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. Section 1391.

### Parties

5. Plaintiffs are natural persons residing in Hidalgo County, Texas.

6. Defendants Centex Credit Corporation d/b/a Centex Home Equity Corporation and Centex Home Equity Company, LLC, are originators and servicers of residential home mortgages.

7. Defendant Centex Credit Corporation d/b/a Centex Home Equity Corporation may be served by serving its registered agent for service of process, Corporation Service Company at 800 Brazos Street, Suite 750 in Austin, Texas 78701. Defendant Centex Home Equity Company, LLC may be served by serving its registered agent for service of process, Corporation Service Company at 800 Brazos Street, Suite 750 in Austin, Texas 78701.

### Acts of Agents

8. Whenever in this Petition it is alleged that Defendant did any act, it is meant that Defendant performed or participated in the act, or the officers, agents, or employees of Defendant performed or participated in the act, with the actual, vicarious, or imputed authority of Defendant.

### Conditions Precedent

9. All conditions precedent to the filing of this case have been performed, have occurred, or have been satisfied.

### Factual Allegations

10. Plaintiffs wanted to buy a home and sought financing from Defendant Centex Credit Corporation d/b/a Centex Home Equity Corporation.

11. Defendant Centex Credit Corporation d/b/a Centex Home Equity Corporation is engaged in originating and servicing residential home mortgages. In November 2001, Defendant

**Plaintiffs' Original Complaint**, page 3

Centex Credit Corporation d/b/a Centex Home Equity Corporation merged with Centex Home Equity Corporation, LLC.

12.     Plaintiffs and Defendant Centex Credit Corporation d/b/a Centex Home Equity Corporation (hereinafter "Defendant Centex Credit Corporation") agreed on the terms of financing their home purchase, as reflected in their Settlement Statement dated April 26, 2001. This Settlement Statement is a standardized form usually called the "HUD-1" form.

13.     In the Plaintiffs' HUD-1, Defendant Centex Credit Corporation represented that it had paid $65.00 for a credit report and collected that amount from the Plaintiffs at closing.

14.     On information and belief, the actual amount of the credit report fee is far less than $65.00.

15.     Therefore, the $65.00 charge for the credit report is a charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan that is other than for services actually performed.

16.     On information and belief, Defendant Centex Credit Corporation collected similar items payable with the loan—including but not limited to the credit report item—from the other class members.

### Class Action Allegations

17.     This action is brought on behalf of a general class consisting of all persons in the United States (1) who paid any fee at the closing of a residential real estate transaction (2) that was payable to Defendants (3) for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan and (4) that was in excess of the amount actually charged by that third party for services actually performed, (5) during the time

period beginning four years prior to the date this lawsuit is filed and ending on the date the Court certifies this case as a class action. Because Plaintiffs reside in Texas, they also seek relief for violations of the Texas Deceptive Trade Practices Act on behalf of a subclass of Texas residents.

18.     Plaintiffs allege on information and belief that the class is so numerous that joinder of all members is impractical.

19.     There are questions of law and fact common to Plaintiffs and the Class, all dealing with Defendants charging and collecting fees for services provided by third parties that were in excess of the amounts actually charged by those third parties.

20.     Plaintiffs' claims are typical of those of the class that they seek to represent. All such claims are based on the same facts and legal theories.

21.     Plaintiffs will fairly and adequately protect the interests of the class. Furthermore, they have retained counsel experienced in handling both individual and class actions under RESPA and the DTPA. Neither Plaintiffs nor their counsel have any interests that are antagonistic to those of the Class or that might cause them not to vigorously pursue this action.

22.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for Defendants.

23.     Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the Class as a whole.

24.     The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members. In fact, Plaintiffs do not assert any theories of recovery other than those that they also assert on behalf of the Class.

**Plaintiffs' Original Complaint, page 5**

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. It would be a grossly inefficient use of the courts to compel every class member to file a separate suit challenging the legality of Defendants' practices.

26. Therefore, certification of a class action is appropriate.

### First Claim For Relief—Violations of RESPA

27. Plaintiffs, individually and on behalf of the Nationwide Class, sue Defendants for violations of RESPA, which gives a private cause of action for the practices in which Defendants has engaged.

28. RESPA prohibits charging or receiving "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." RESPA § 2607(c).

29. RESPA provides that "any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally liable to the person or persons charged for the settlement service involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." RESPA § 2607(d)(2).

30. Plaintiffs therefore seek judgment pursuant to RESPA for three times the amount of any charge paid by Plaintiffs and other class members for such settlement services.

31. Plaintiffs also seek an award of the court costs of the action together with reasonable attorneys fees.

## Claim For Relief—Violations of DTPA

32. Plaintiffs, individually and on behalf of the Texas Subclass, sue Defendants for violations of the DTPA. Each class member is a "consumer" as that term is defined in DTPA § 17.45(4). Defendants was, at all operative times, engaged in "trade" and "commerce" as those terms are defined in DTPA § 17.45(6).

33. Defendants engaged in false, misleading, and deceptive acts and practices in the conduct of trade and commerce, which were relied on to the detriment of the class members and which were the producing cause of economic damage to class members.

34. Defendants' actions were unconscionable as defined in DTPA § 17.45(5).

35. Plaintiffs seek judgment pursuant to DTPA § 17.50(b)(1) for Plaintiffs' and other class members' economic damages. Plaintiffs also seek enhanced damages as provided by DTPA § 17.50(b)(1).

36. Plaintiffs seek orders pursuant to DTPA § 17.50(b)(2) enjoining Defendants from engaging in the illegal practices set forth herein.

37. Plaintiffs seek orders pursuant to DTPA § 17.50(b)(3) directing Defendants to restore to Plaintiffs and other class members all monies which may have been acquired in violation of the DTPA.

## Demand for Jury Trial

Please take notice that Plaintiffs demand trial by jury in this action.

## Prayer for Relief

Therefore, Plaintiffs pray that Defendants be cited to appear and answer herein and that the Court:

1. Certify this case to proceed as a class action;

2. Appoint Plaintiffs as class representatives;

3. Appoint Plaintiffs' attorneys as class counsel;

4. Upon trial of this action, grant Plaintiffs judgment against Defendants for their individual and enhanced damages;

5. Upon trial of this action, grant the Class judgment against Defendants for their damages and enhanced damages;

6. Upon trial of this action, order Defendants to return to Plaintiffs and other class members all monies which may have been acquired in violation of the DTPA;

7. Upon trial of this action, grant a declaratory judgment finding that Defendants' practices described herein are illegal;

8. Upon trial of this action, grant Plaintiffs judgment against Defendants' for the reasonable and necessary attorney's fees and costs of this action through trial and any subsequent appeals.

Plaintiffs further pray for all such other and further relief as the Court may deem just and proper.

                    Respectfully submitted,

                    John Ventura
                    Federal Id Number 1646
                    Texas State Bar Number 20545700
                    Conrad Bodden
                    Federal Id Number 21003
                    Texas State Bar Number 00796220
                    Law Offices of John Ventura, P.C.
                    62 E. Price Road
                    Brownsville Texas 78521

Telephone: 956/546-9398
Telecopier: 956/542-1478
Counsel for Plaintiffs and the Class

By:

/s/ John Ventura
John Ventura

Stephen Gardner
Federal Id Number 16111
Texas State Bar Number 07660600
Law Office of Stephen Gardner, PC
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201
Telephone: 214/954-0663
Telecopier: 214/871-8957
Counsel for Plaintiffs and the Class

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of Texas, Brownsville Division

Hector Mario Ramirez and San Juana Guzman,
Individually and on behalf of all others similarly
situated,
V.
vs.

**SUMMONS IN A CIVIL CASE**

Centex Credit Corporation d/b/a Centex Home
Equity Corporation and Centex Home Equity
Company, LLC

CASE NUMBER: **B-02 082**

TO: (Name and address of Defendant)

Centex Home Equity Company, LLC
Corporation Service Company
800 Brazos Street, Suite 750
Austin, Texas 78701

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John Ventura
Conrad Bodden
Law Offices of John Ventura, P.C.
62 E. Price Rd.
Brownsville, Texas 78521

Stephen Gardner
Law Office of Stephen Gardner, P.C.
1845 Woodall Rodgers Freeway, Suite 1750
Dallas, Texas 75201

an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk    4-23-02
CLERK                      DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me<sup>(1)</sup> | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____  _____
                        *Date*                          *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.